UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA MURDOCK, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:18-CV-00808-KOB |
| BIRMINGHAM JEFFERSON ] | |
| COUNTY TRANSIT AUTHORITY, ] | |
| et al., ] | |
| ] | |
| Defendants. ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendants Birmingham Jefferson County Transit Authority (BJCTA) and the BJCTA Board of Directors' "Motion to Dismiss or in the Alternative Motion for Summary Judgment." (Doc. 7). Plaintiff Barbara Murdock alleges that Defendants terminated her employment because of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment and without due process in violation of the Due Process Clause of the Fourteenth Amendment. Defendants moved to dismiss Ms. Murdock's due process claim against BJCTA and all claims against the Board. According to Defendants, Ms. Murdock has not sufficiently alleged a property interest in her continued employment to state a due process claim, and the Board is not a legal entity subject to suit. As further explained below, the court agrees with both points and WILL

1

GRANT Defendants' motion to dismiss.

I.   **STANDARD OF REVIEW**

The court must first determine which standard of review applies because Defendants style their motion as a motion to dismiss *or* a motion for summary judgment in the alternative.

Defendants request summary judgment in the alternative because they submitted with their motion to dismiss an employment agreement between BJCTA and Ms. Murdock (doc. 9-1); and generally, under Rule 12(d), "[o]nce the court considers matters outside the complaint, the 12(b)(6) motion to dismiss converts into a motion for summary judgment." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). But the Rules do not require the court to consider exhibits that a defendant uses to attack a complaint. *Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010). Instead, the court may "exclude[]" matters outside the pleadings and not convert the Rule 12(b)(6) motion to a Rule 56 motion. Fed. R. Civ. P. 12(d). And not considering exhibits attached to a motion to dismiss "is the functional equivalent of 'excluding' them" for purposes of Rule 12(d); the court need not take a more formal step. *Harper*, 592 F.3d at 1232. So, the court exercises its discretion to not consider the exhibit submitted with Defendants' motion and the motion will proceed as a Rule 12(b)(6) motion to dismiss.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To be plausible on its face, the complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court accepts as true the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *Id.*

But not all allegations can defeat a motion to dismiss. "[L]abels and conclusions . . . will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the court determines that well-pleaded facts, accepted as true, do not state a plausible claim, the court must dismiss the claim. *Iqbal*, 556 U.S. at 678.

## II. BACKGROUND

Ms. Murdock's complaint presents few specific details concerning her employment with and termination from BJCTA. The court will present those factual allegations in the light most favorable to Ms. Murdock.

Ms. Murdock worked as the Executive Director for BJCTA. (Doc. 1 at ¶ 20). BJCTA is incorporated under Alabama state law and provides public transportation services in Jefferson County, Alabama.

In October 2017, five new members joined the nine-member Board. (Doc. 1 at ¶ 21). According to Ms. Murdock, after the Board composition changed, "a plan was conceived to award Ms. Murdock's position to a younger less qualified male employee that she had mentored and promoted through the ranks to the position of Operations Manager." (Doc. 1 at ¶ 21).

On April 3, 2018, the Board summoned Ms. Murdock to a "special board meeting without being given an agenda, which was not standard procedure." (Doc. 1 at ¶ 22). When Ms. Murdock arrived at the meeting, the Board "immediately adjourn[ed] to an executive session at the exclusion of her, which was also outside of standard procedure." (*Id.*).

After the executive session, Defendants suspended Ms. Murdock without pay pending an investigation of her office. (*Id.* at ¶ 23). Defendants did not give Ms. Murdock any advance notice of any charges against her, an explanation of any evidence justifying her suspension, or an opportunity to be heard and contest the suspension. Ms. Murdock requested a list of the charges against her and an opportunity to respond to them, but Defendants denied her request and informed her that she was not entitled to a hearing. Defendants then terminated her on May

23, 2018 without a hearing.

Defendants replaced Ms. Murdock with Christopher Ruffin, a male employee whom Ms. Murdock had previously mentored and promoted. According to Ms. Murdock, "Mr. Ruffin's qualifications do not meet the specific needs of the position and he possessed no executive experience." (*Id.* at ¶ 26).

In her complaint, Ms. Murdock brings one count under Title 42 U.S.C. § 1983 based on two grounds: (1) Defendants denied her due process by terminating her without a hearing; and (2) Defendants denied her equal protection by terminating her because of her sex.

Defendants have moved to dismiss all claims against the Board, which Defendants contend is not a legal entity subject to suit. Defendants have moved also to dismiss Ms. Murdock's § 1983 claim against BJCTA only as to the alleged denial of due process because according to Defendants, Ms. Murdock has not sufficiently alleged a property interest in her continued employment with BJCTA and so BJCTA did not owe Ms. Murdock due process before terminating her. The court will address Defendants' arguments and the sufficiency of Ms. Murdock's complaint in turn.

## III. DISCUSSION

### 1. Claims Against the Board

The court must first determine whether Ms. Murdock may bring any claim

against the Board.  A plaintiff may state a viable § 1983 claim only against "a legal entity subject to suit."  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  And state law determines the capacity of a party to be sued.  Fed. R. Civ. P. 17(b).

Here, BJCTA, but not its Board, has the capacity to be sued under Alabama law.  Ala. Code § 11-40-1 ("municipal organizations . . . incorporated under the general laws of the state or by special act of the legislative department of the state government" have the capacity to be sued); Ala. Code § 11-49A-8 (a municipal corporation providing public transportation services has the power to "sue and be sued in its own name in civil suits and actions and to defend suits against it").

Ms. Murdock has not alleged and no law establishes the Board's legal existence separate from BJCTA; instead, numerous cases recognize that a board is not the appropriate entity to sue.  *See, e.g.*, *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) ("Under Florida law, the University of Florida is not endowed with an independent corporate existence or the capacity to be sued in its own name.  Rather, those characteristics are bestowed on the Board of Regents as the head of Florida's university system.  Therefore, the University of Florida is not a proper party in this action.") (citations omitted); *Kelley v. Troy State Univ.*, 923 F. Supp. 1494, 1499 (M.D. Ala. 1996) ("[U]nder Alabama law, the Board is not endowed with an independent corporate existence—that status is reserved for Troy State University itself.  Thus, the Board does not have the capacity to be sued, and

any claims against it are not legally cognizable.") (citations omitted). So Ms. Murdock does not have a legally cognizable claim against the Board.

The court will dismiss all claims against the Board because the Board is not a legal entity subject to suit. Any of Ms. Murdock's claims that survive the motion may proceed only against BJCTA.

2. Section 1983 Due Process Claim Against BJCTA

Title 42 U.S.C. § 1983 exposes state actors to liability for the deprivation of a person's civil rights. To state a § 1983 claim, "'a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.'" *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990)).

Under the first element of her § 1983 claim, Ms. Murdock alleges that BJCTA deprived her of her rights secured by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. But because BJCTA has challenged only Ms. Murdock's due process claim, the court will analyze only whether Ms. Murdock has stated a plausible violation of her rights secured by the Due Process Clause.

The Due Process Clause provides that "certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). As Ms. Murdock does here, a public employee may claim a property right in her continued employment, such that termination must be accompanied by due process. *See id.* at 540. But to have such a property right, the employee must "have a legitimate claim of entitlement" to continued employment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). And state law determines whether the employee has "a legitimate claim of entitlement to a property interest in continued employment." *Nicholson v. Gant*, 816 F.2d 591, 597 (11th Cir. 1987) (citing *Bishop v. Wood*, 426 U.S. 341, 344 (1976)).

Here, Ms. Murdock does not refer to any state law, rule, or agreement between her and BJCTA that demonstrates that she was entitled to continued employment with BJCTA. Instead, she makes conclusory allegations that she was a "tenured employee" entitled to due process, and that "[u]pon information and belief, [she] had a property interest in her job that warranted her receiving a pre-termination and/or post termination hearing and/or review." (Doc. 1 at 2, 9). These allegations mimic threadbare legal conclusions that Ms. Murdock was entitled to due process. At best, Ms. Murdock's allegations require the court to speculate whether any law or agreement entitled her to continued employment.

8

But as the court mentioned above, Ms. Murdock cannot state a plausible claim to relief with speculation and conclusory allegations. *See Twombly*, 550 U.S. at 555.

Ms. Murdock's complaint does not allege that Defendants plausibly deprived her of any property rights secured by the Due Process Clause, so the court will dismiss her § 1983 due process claim without prejudice.

**IV. CONCLUSION**

By separate order, the court **WILL GRANT** Defendants' motion to dismiss. The court **WILL DISMISS WITH PREJUDICE** all claims against the Board. The court **WILL DISMISS WITHOUT PREJUDICE** Ms. Murdock's § 1983 claim against BJCTA on the basis of due process. Defendants have not challenged Ms. Murdock's § 1983 claim against BJCTA on the basis of equal protection and so that claim remains.

**DONE** and **ORDERED** this 13th day of November, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE