UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BARBARA MURDOCK,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v.  ] | **CIVIL ACTION NO.** |
| ] | **2:18-CV-00808-KOB** |
| **BIRMINGHAM JEFFERSON** ] | |
| **COUNTY TRANSIT AUTHORITY,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Birmingham Jefferson County Transit Authority's motion to dismiss or, in the alternative, for summary judgment, (doc. 45), and renewed motion to dismiss or, in the alternative, for summary judgment, (doc. 53).  The BJCTA seeks dismissal of Plaintiff Barbara Murdock's amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because standing to pursue the cause of action now belongs solely to a bankruptcy trustee who has failed to appear in this case.  Ms. Murdock argues that she has standing to pursue her case because the bankruptcy trustee has abandoned the case as an asset of the bankruptcy estate.

Because Ms. Murdock fails to meet her burden of showing that the bankruptcy trustee has actually abandoned her case, as required to show standing and confer jurisdiction, the court will grant the BJCTA's motion to dismiss and

1

renewed motion to dismiss.

## I. Factual Background

In 2018, Ms. Murdock filed the instant complaint, which she later amended, against the BJCTA. (Doc. 1). Ms. Murdock's amended complaint alleges employment discrimination based on gender and age. (Doc. 26). In September of 2019, while her discrimination case was pending, Ms. Murdock filed a petition for Chapter 7 bankruptcy; she listed the instant suit as one of her assets. The bankruptcy court appointed a bankruptcy trustee and subsequently entered an order of discharge on January 10, 2020.

On February 27, 2020, after Ms. Murdock had filed for bankruptcy, the BJCTA moved to dismiss her complaint because she no longer had the necessary standing to support this court's subject matter jurisdiction over her case. (Doc. 45). Ms. Murdock failed to file a response or demonstrate action by the bankruptcy trustee, so the BJCTA renewed its motion to dismiss. (Doc. 53).

This court entered an order to show cause why it should not dismiss Ms. Murdock's case based on lack of standing. (Doc. 54). Ms. Murdock filed a response stating that she had standing because the bankruptcy trustee was "not pursuing the matter further." (Doc. 57 at 2). Ms. Murdock included an email to that effect. (Doc. 57-1). The BJCTA then filed a reply arguing that Ms. Murdock had not adequately shown that standing had reverted to her. (Doc. 58).

## II.  STANDARD OF REVIEW

The BJCTA styles its motions as motions to dismiss under Fed. R. Civ. P. 12(b)(1) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Before analyzing the issues at hand, the court must determine which standard of review applies.

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss where the court lacks subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). Because courts lack subject matter jurisdiction where standing does not exist, dismissals for lack of standing fall within the purview of dismissals for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). *Cone Corp. v. Fla. Dep't. of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991).

Rule 12(b)(1) motions can come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Facial attacks to jurisdiction require the court to assess whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction in her complaint; but factual attacks—which question the existence of subject matter jurisdiction based on matters outside of the pleadings—allow the court to look beyond the complaint and examine extrinsic evidence regarding jurisdiction. *Id.*

When deciding a factual challenge under Rule 12(b)(1), the court may consider conflicting evidence and decide factual issues that affect jurisdiction.

*Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). Unlike under a facial attack or a Fed. R. Civ. P. 12(b)(6) motion, when a defendant raises a factual attack to subject matter jurisdiction under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence*, 919 F.2d at 1529). Where a defendant factually challenges subject matter jurisdiction "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Because the BJCTA makes a factual attack on Ms. Murdock's standing—and, consequently, this court's jurisdiction—based on information outside of the complaint, this court will consider the BJCTA's motion as a motion to dismiss under Rule 12(b)(1). As such, the court can consider matters outside of the pleadings to determine whether jurisdiction exists; further, Ms. Murdock bears the burden of proving jurisdiction and her unsupported assertions carry no presumption of truth. *OSI, Inc.*, 285 F.3d at 951; *Lawrence*, 919 F.2d at 1529; *Morrison*, 323 F.3d at 925.

### III. DISCUSSION

In its motion to dismiss, the BJCTA argues that the court must dismiss Ms. Murdock's complaint for lack of jurisdiction because Ms. Murdock no longer has

4

standing. (Doc. 45). The BJCTA asserts that, when Ms. Murdock filed for bankruptcy, her bankruptcy trustee became the only person with standing to pursue this case. The BJCTA attaches Ms. Murdock's Chapter 7 bankruptcy petition, filed on September 26, 2019. (Doc. 46-1 at 7). The BJCTA also included Ms. Murdock's schedule of assets including the instant lawsuit, a document showing Sonya Salkin Slott as the bankruptcy trustee, and an order of discharge of bankruptcy—which states that it does *not* close the bankruptcy case. (Doc. 46-2–46-4).

In response to this court's order to show cause, Ms. Murdock responds that the bankruptcy trustee has abandoned this lawsuit, so both possession of the lawsuit and standing revert to Ms. Murdock. (Doc. 57). As supporting evidence, Ms. Murdock includes an email from a representative from the bankruptcy trustee's law firm stating that "our office closed the bankruptcy file without further administration. The Trustee is not pursuing this matter further." (Doc. 57-1 at 2). She does not include clear evidence that the trustee took affirmative action to technically abandon the case or evidence that the bankruptcy court has closed the bankruptcy case.

The BJCTA replies that Ms. Murdock failed to make the requisite showing that the bankruptcy trustee has actually abandoned the claim, so Ms. Murdock still lacks standing and the court lacks jurisdiction over her complaint.

In this case, Ms. Murdock has not presented the court with enough information to meet her burden of showing jurisdiction under Rule 12(b)(1) by showing actual abandonment by the bankruptcy trustee and reversion of standing to Ms. Murdock. *See OSI, Inc.*, 285 F.3d at 951. Standing presents a threshold jurisdictional matter that courts must independently consider before progressing to the merits of a case. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). To have standing supporting jurisdiction, a litigant must have a judicially cognizable interest and stake in the outcome of the case and must "seek relief for an injury that affects him in a 'personal and individual way.'" *Hollingsworth v. Perry*, 570 U.S. 693, 705–06 (2013) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n.1 (1992)).

When a debtor files a Chapter 7 bankruptcy petition, her assets—subject to certain limited exemptions—immediately transfer to a bankruptcy estate administered by a bankruptcy trustee. *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1179 (11th Cir. 2017) (*en banc*) (citing 11 U.S.C. § 541(a)(1)). Generally, "[b]ecause a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim." *Id.* at 1180 (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)). The debtor cedes all standing to bring claims to the trustee "unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code," which

returns standing to the debtor. *Parker*, 365 F.3d at 1272 (citing 11 U.S.C. § 554). Section 554 of the Bankruptcy Code specifically sets forth the necessary prerequisites for abandonment of an asset of the bankruptcy estate. *See* 11 U.S.C. § 554.

In this case, Ms. Murdock filed her complaint and then filed for Chapter 7 bankruptcy, listing the instant suit in her schedule of assets. When she filed her bankruptcy petition, the bankruptcy trustee took possession and control of the instant prepetition complaint. *See Slater*, 871 F.3d at 1179. Standing automatically transferred from Ms. Murdock solely to the trustee, who has not taken any action in this case. *See id.* at 1180. Thus, barring intervening circumstances, Ms. Murdock lacks standing.

Ms. Murdock argues that such intervening circumstances exist because the bankruptcy trustee abandoned the lawsuit, so possession and standing reverted to Ms. Murdock. *See id.* Ms. Murdock's only supporting evidence comes in the form of an email from someone other than the trustee stating that the bankruptcy trustee's law firm had "closed the bankruptcy file without further administration" and was not "pursuing this matter further." (Doc. 57-1 at 2). This evidence does not suffice to show that the trustee abandoned the claim under § 554 of the bankruptcy code, nor does it sufficiently meet her burden to demonstrate standing and jurisdiction.

Multiple methods exist for a bankruptcy trustee to abandon an asset of the estate to the debtor. Section 554 of the Bankruptcy Code states:

> **(a)** After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> **(b)** On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> **(c)** Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
> **(d)** Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554.

Ms. Murdock has not met her burden of showing jurisdiction because she has not provided to the court enough information to show that the bankruptcy trustee technically abandoned the case and standing reverted to Ms. Murdock. *See OSI, Inc.*, 285 F.3d at 951; *Parker*, 365 F.3d at 1272. Ms. Murdock has not shown any indication of notice and a hearing regarding her claim, as required for abandonment of an asset under subsection (a) of § 554. *See id.* at § 554(a). She also has not shown notice, a hearing, and an order from the court as required for abandonment by subsection (b). *See id.* at §554(b).

Additionally, Ms. Murdock has not shown the closure of her bankruptcy case, which could allow the lawsuit to revert to her under subsection (c) of § 554.

*See id.* at §554(c).  The Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350.  Here, Ms. Murdock's submitted evidence does not clearly indicate that those prerequisites have occurred.  The email Ms. Murdock attached to her response says merely that the trustee's law firm has closed the file and is not planning to pursue the matter further.  (Doc. 57-1 at 2).  That language fails to mention anything about official discharge as trustee or closure of the case by the bankruptcy court.

Further, the discharge order for Ms. Murdock's bankruptcy, which the BJCTA attached to its motion to dismiss, did not close Ms. Murdock's bankruptcy case.  The order of discharge attached to the BJCTA's motion to dismiss explicitly states "this order does not close or dismiss the case."  (Doc. 46-4 at 2); *see also Miller v. Shallowford Cmty. Hosp., Inc.*, 767 F.2d 1556, 1558 (11th Cir. 1985) (noting different dates for discharge and closure of a bankruptcy proceeding); *In re Killmer*, 513 B.R. 41, 50 (Bankr. S.D.N.Y. 2014) (stating that "[w]hile the discharge is entered near the end of a majority of cases, the discharge does not end, close, or terminate a bankruptcy case).  Thus, the evidence before the court does not show the closure of Ms. Murdock's bankruptcy case, which could demonstrate abandonment of this lawsuit by the bankruptcy trustee under § 554 of the Bankruptcy Code.

Because Ms. Murdock has not shown that the bankruptcy case is closed, a notice and hearing, or a court order, she has not shown that the trustee abandoned the instant lawsuit as an asset of her bankruptcy estate. *See* 11 U.S.C. § 554. Therefore, she has not shown that control of the claim reverted to her or that she has standing to pursue this prepetition claim. *See Slater*, 871 F.3d at 1180. Because of her failure to provide the court with the requisite information to adequately rebut the BJCTA's assertion that she lacks standing, Ms. Murdock has not met her burden of showing that this court has subject matter jurisdiction over this case. *See OSI, Inc.*, 285 F.3d at 951; *Cone Corp.*, 921 F.2d at 1203 n. 42. The failure to meet that burden proves fatal to her complaint.

Accordingly, the court will GRANT the BJCTA's motion to dismiss and renewed motion to dismiss. The court will DISMISS Ms. Murdock's complaint for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this 25th day of June, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE